LEOPOLD D. MEYER, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, April 16, 1934.

*Meyer Kraushaar*, for the plaintiff.

*Tanner, Sillcocks & Friend* [*William B. Moore* of counsel], for the defendant.

COTILLO, J.   On the 6th day of September, 1933, the body of Charles J. Wolfert was found dead as the result of stab wounds received at the hands of one Millie Prince.   At the time of his death Wolfert held a form A-1 standard accident policy written by the defendant.   This policy insured " Charles J. Wolfert, by occupation jeweler, classified select for the term of twelve months from September 5, 1929, noon, standard time, at the place where the insured resides, and subject to the provisions and stipulations herein contained, in the principal sum of $5,000, or weekly indemnity of $25 against the results of bodily injuries sustained while this policy is in force and caused directly and independently of all other causes by violent and accidental means."   This policy was in full force and effect at the time of the death.   The plaintiff, an assignee of this policy, has brought suit to recover the principal sum mentioned in the policy.   The death of the assured by violent means is conceded and the only issue to be decided is whether the death was caused by accident or through the wrongful act of the assured himself.

The policy does not itself define the term " violent and accidental means."   Clause 9 of the policy, however, excludes certain risks such as suicide, aeroplane accidents, death by disease, mental, physical, medical or ptomaines, or disease germs of any kind of infection, whether introduced into the body by accidental means or otherwise.

The plaintiff's proof showed that the deceased was found dead as a result of stab wounds of such a character as to exclude the possibility of suicide.

The defense attempted to introduce into evidence the confession made by the person who stabbed the deceased.   This was received over objection and exception and a motion was then made to strike it out.   Upon the decision of this motion depends the final decision in the case.   The basis upon which the defendant is urging the admission of the confession is two-fold: (1) The answers of the plaintiff in the proof of claim filed by him, and (2) the decisions in the cases of *Aldridge* v. *Ætna Life Insurance Co.* (204 N. Y. 83) and *Montgomery* v. *John Hancock Mutual Life Insurance Co.* (140

Misc. 233). The question in the proof of claim was as follows: " Give names and addresses of all persons who witnessed the accident? A. This matter is now in the hands of the District Attorney of Queens County, from whom this information can be obtained." The defendant claims that under this answer the plaintiff has constituted the district attorney of Queens county as his agent for furnishing to the defendant the answers to the question above quoted. Assuming this contention to be true, nevertheless, if the only information the person designated had was hearsay evidence, the information would not be admissible. The exceptions to the hearsay rule are few and limited in number. To my mind, to permit the confession of a person accused of murder to be introduced to defeat a claim on a policy of insurance upon the life of the murdered person would be highly improper. A mere reading of the confession shows it was nothing but an attempt to build a defense to the charge of murder. The cases cited by the defendant in support of its contention in no way support it.

In *Aldridge* v. *Ætna Life Insurance Co.* (204 N. Y. 83) the situation was different from the present case. There, after the plaintiff presented to the insurance company the usual proof of loss, the company, demanding further information, stated that it was necessary for the attending physician to advise them over his own signature. The request was taken by the plaintiff to the doctor, who asked him to write to the company, which the doctor did. The Court of Appeals held that the letter was not admissible upon the theory that it was binding on the defendant but only for the purpose of impeaching the testimony of the doctor. Judge WERNER, in writing the prevailing opinion in *Aldridge* v. *Ætna Life Insurance Co.* (*supra*) laid down the rule as follows: " This is the rule with a clear statement of the reason upon which it rests. It is only when the third person ' is *authorized to answer for* ' the person who has referred to him, that the latter is bound by what the former may say." It would be stretching this rule to the extreme to hold that by his answer, as set forth above, the plaintiff authorized the district attorney to bind him by taking a self-serving, self-exculpatory statement from the person who concededly brought about the death of the policyholder.

The motion to strike out the confession from the record is granted, with proper exception to the defendant, as is also the motion to strike out the rebuttal testimony of Officer Negri. In view of this ruling nothing remains except to direct a verdict in favor of the plaintiff for the amount demanded in the complaint. Judgment for the plaintiff in the sum of $5,000, with interest from the 6th day of September, 1933. Thirty days' stay and sixty days to make a case.